Freeman, J.,
delivered the opinion of the Court.
This suit was brought by Kittrell against defendant below, on a guaranty of a note, made by George *607 W. Polk, dated Nov. 1, 1862, payable twelve months after date, to Y. S. Pickard, for about $1,900. This note was assigned to G. W. Cates in March, 1863, the assignor Pickard guaranteeing the solvency of the drawer. It is alleged to have been then transferred by delivery by said G. W. Cates to the defendant W. G. Cates, and by him to have been assigned on the 1st day of February, 1864, to plaintiff below. This last- assignment is as follows:
“I transfer the note for value received to Thomas M. Kittrell, and guarantee the solvency of the parties.
“~W. G. Cates.”
On this last guaranty this suit is brought.
Defendant pleads that he did not promise and undertake as plaintiff hath in his declaration alleged. The jury found a verdict for plaintiff, and defendant prosecutes an appeal in the nature of a writ of error to this Court.
The defense presented in the Court below, and urged here for the reversal of the case, is based on the proposition that the guarantor was not liable, because of want of proper diligence in bringing suit against Polk the maker, and Pickard the guarantor, on the assignment to G. W. Cates, the suit against them not having been commenced till after January, 1866.
It was held in the case of Bell v. Johnson, 4 Yerg., 196, that on an assignment of a note as follows: “I assign the within note, and guarantee the solvency of the drawer,” the assignee might recover against the assignor without showing the insolvency of *608 the drawer, he having made demand and given due notice thereof. And this guaranty was not construed as a restriction of the liability of the endorser, but rather to enlarge it. This case was however overruled, so far as the construction of the endorsement and guaranty was concerned, in Turley v. Hodge, 3 Hum., 75, where it was held that an endorsement in the words, “I assign the within note, and warrant the solvency of the maker,” was a restrictive endorsement, meant by the parties to rest the responsibility of the assignor upon the insolvency of the maker, which should be averred and proved.
The general principle laid down in the two cases cited above may now be considered as settled in this State, that an endorsement of this kind is a special contract, differing from the contract implied by law in ordinary cases of endorsement, and to be construed as any other contract, so as to carry out the intention of the parties, the party being only bound by the terms of his undertaking.
In the case of Graham v. Bradley, 5 Hum. 478, the guaranty was: “1 assign the within note, and guarantee the same, without notice or demand as the law requires,” which was held to be a guaranty of the solvency of the drawers, and to bind the holder to use reasonable diligence in the collection of the note. From these cases, as well as on sound principles, we hold the rule to be, in cases like the one before us, as stated in 2 A. L. Cases, 97, that when the guaranty is of the solvency of the maker, it means that “ the debt or contract guaranteed is a good *609 debt, and susceptible of collection, that the party on whose behalf the guaranty is given will be able to meet his engagements when they fall due,” and that there can be no breach of the contract of guaranty until it is shown that at the point of time to which it related the debt in question was not susceptible of collection, the party being insolvent, or the creditor unable by the use of diligence in the prosecution of collection by the means afforded by the process of the law, to realize his debt.
"We do not mean to be understood that in all cases the party holding the paper is compelled to bring suit on the claim against the maker in order to show his insolvency or that the debt could not be collected. On the contrary, we think the rule is as held in Jones v. Greenlaw, 6 Col., 345, that the fact that the debt could not be made out of the drawer may be shown by other competent evidence as well as by execution and return of nulla bona.
Testing this ease by these principles, we find that the Circuit Judge laid down the rule of diligence on the part of the holder in terms as strong as could be asked for by the defendant, requiring the holder to be active and earnest in his efforts to realize his debt from the maker.
But it is insisted that suit should have been brought in 1864, as it seems that some courts were held in Maury county under the then military government in that year.
The proof shows, however, that while this was true, the courts were not held regularly, the January *610 Term, 1865, not being held at all, and in fact, there being no regular and serious resumption of business until the May Term, 1865, after the termination of the war. This is clearly shown by the testimony of. L. D. Myers, who proves that he was a practicing attorney in Columbia, but that he did not go into court to do any business till the May Term, 1865; that to that term he brought twelve suits, and other lawyers also brought suits, but that not much business was transacted even at the August Term afterwards. He proves however that a great deal was done at the next term, in January, 1866. Other proof in the record sustains this view of the case. The suit was commenced in January, 1868. We think then that the holder of this paper ought, under the rule laid down, to have brought suit on this claim to the May Term, 1865, and that his failure to do so, other things out of the way, was such want of diligence as if there had been consequent loss of the debt, or any part of it, and therefore injury to the guarantor, would have precluded recovery by the holder against the guarantor to the extent of such loss or injury. See Poindexter v. Vernon, 9 Hum., 90, 91; Hall v. Rogers, 7 Hum., 541.
On looking at the proof in this case, it appears that Polk had property out of which the money could have been made in 1864, and up to May and June, 1865; but that at these dates he found himself insolvent, and made two deeds of trust, conveying his estate to trustees for the payment of debts. After this period he was clearly in such condition that no *611 money could have been made out of him. If suit had been brought at the May Term, it being only the appearance term, judgment could not probably have been had till the August Term, and then no money could have been made by execution. We can not therefore see that any injury has resulted to the guarantor from failure to bring suit to the May Term.
As to the other party, Pickard, it is clear that, as he says, he went down financially with the end of the war. The proof shows further, that the -defendant, either in May, 1864, or 1865, requested the plaintiff not to bring suit for the debt, as he expected to have the debt to pay himself. The question was fairly submitted to the jury, as to whether the delay was occasioned by such request.
They have found for the plaintiff on a charge of which, in view of the facts of the case, defendant below had no reasonable cause to complain, and as he has assigned the note to plaintiff, received value for it, and not been injured by the laches of the holder, there can be no injustice in holding him responsible on his guaranty, and allowing him, as he will have the right to do, to make what he can out of the party whose solvency he has guaranteed. We do not deem it necessary to examine the other questions suggested in argument, as on the grounds herein stated, we think the judgment must be affirmed.